UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARGIE McLAUGHLIN,                    :
                                      :
          Plaintiff                   :
                                      :
     v.                               : CIVIL NO. 3:CV-07-381
                                      :
JOANNE I. TORMA,                      : (Judge Kosik)
                                      :
          Defendant                   :

**Memorandum and Order**

**Background**

Margie McLaughlin, an inmate currently confined at the State Correctional

Institution at Muncy (SCI-Muncy), Pennsylvania, filed this civil rights action

pursuant to 42 U.S.C. § 1983.  Along with her complaint, McLaughlin filed an

application seeking leave to proceed in forma pauperis.[1] Named as the sole defendant

is Joanne I. Torma, Deputy Superintendent for Centralized Services at SCI-Muncy.

In the complaint, Plaintiff alleges that Torma deprived her of access to the courts.

The complaint is presently before the court for preliminary screening.  For the reasons

---

[1] Plaintiff completed this court's form application for leave to proceed in forma pauperis and authorization form.  An Administrative Order was thereafter issued on March 19, 2007 (Doc.10), directing the warden at SCI-Muncy to commence deducting the full filing fee from Plaintiff's prison trust fund account.

that follow, the complaint will be dismissed for failure to state a claim pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).

**Discussion**

Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof,
> that may have been paid, the court shall dismiss the case at
> any time if the court determines that (A) the allegation of
> poverty is untrue; or (B) the action or appeal (i) is frivolous
> or malicious; (ii) fails to state a claim on which relief may
> be granted; or (iii) seeks monetary relief against a defendant
> who is immune from such relief.

(Emphasis added.)  Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in

response to a complaint, to file a motion to dismiss a claim or claims for "failure to

state a claim upon which relief can be granted . . . ."  Section 1915(e)(2)(B)(ii)

provides this ground for summary dismissal of a complaint (before service) - - failure

to state a claim under Rule 12(b)(6) principles.  In Rule 12(b)(6) analysis, the court

must accept the veracity of a plaintiff's factual allegations.  White v. Napoleon, 897

F.2d 103, 106 (3d Cir. 1990).  "The test for reviewing a 12(b)(6) motion is whether

under any reasonable reading of the pleadings, plaintiff may be entitled to relief."

Simon v. Cebrick, 53 F.3d 17,19 (3d Cir. 1995).

In order to state a claim under § 1983, a plaintiff must allege the violation of a

right secured by the Constitution and laws of the United States, and must show that

the alleged deprivation was committed by a person acting under color of state law."

West v. Atkins, 487 U.S. 42, 48 (1988); Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir.), cert. denied, 516 U.S. 858 (1995).  It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

Plaintiff claims that Torma violated her constitutional right to access to the courts when she denied her adequate legal copies to litigate an appeal with the Pennsylvania Supreme Court.  Specifically, Plaintiff claims that she was pursuing a Petition for Allowance of Appeal to the Supreme Court (Docket Number 3 WAL 2007) from an Order issued by the Pennsylvania Superior Court affirming her judgment of sentence.  According to Plaintiff, Torma denied her adequate copies of a petition she needed because the monthly allotment for legal copies at the prison for an indigent inmate is $10.00, and Plaintiff had apparently exceeded her allotment for the month.  Plaintiff maintains that although she did file her original documents with the Pennsylvania Supreme Court, she was unable to submit the necessary number of copies.  She argues that Torma has hindered her efforts to litigate her case in the Supreme Court and that the matter is now probably moot.

In order to state an access to the courts claim, , Plaintiff must demonstrate an actual injury imposing some concrete negative effect on a prisoner's attempt to seek

judicial redress, either in pursuing an existing non-frivolous lawsuit or in the loss of

the opportunity to pursue one at all.  Lewis v. Casey, 518 U.S. 343, 351 (1996).

"Actual injury" includes the loss of a non-frivolous claim that relates to a challenge,

direct or collateral, to an inmate's conviction or relates to a challenge to the

conditions of confinement. Id. at 351-54.  Prisoners asserting denial of access to the

courts claims must demonstrate their "actual injury" with specificity.  See Gordon v.

Morton, 131 Fed. Appx. 797, 798 (3d Cir. 2005)(holding that inmate's claim against

corrections officers for alleged deprivation of access to the courts failed where he did

not demonstrate actual injury).  Plaintiff has not met this burden. Plaintiff does not

allege that she has been prevented from pursuing her Petition for Allowance of

Appeal in the Pennsylvania Court or that any Petition filed there has been rejected or

dismissed.  In fact, she states that she did file an original Petition for Allowance of

Appeal, just without the accompanying copies.  Plaintiff refers to the docket number

of her action in the Pennsylvania Supreme Court.  An independent review of the state

court docket reveals that Petitioner's filing has been accepted by the court, and is

currently active in said court and proceeding there.[2]  Accordingly, because Plaintiff

has failed to demonstrate that she has suffered any injury, the complaint is subject to

summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] The court accessed the Pennsylvania Supreme Court docket referenced by
Plaintiff via http://ujsportal.pacourts.us.

4

**ACCORDINGLY, THIS 4th DAY OF APRIL, 2007, IT IS HEREBY**

**ORDERED AS FOLLOWS:**

1.    The complaint is dismissed, without prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.    The Clerk of Court is directed to close this case.

3.    Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.


s/Edwin M. Kosik
United States District Judge
